UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LAWRENCE LEE JONES,

    Plaintiff,

v.                                          Case No. 4:21-cv-427-MW/MJF

MELINDA N. COONROD, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Lawrence Lee Jones (DC# 077137) has filed a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1), and a motion for leave to proceed *in forma pauperis* (Doc. 2). The undersigned recommends that Jones's motion to proceed *in forma pauperis* be denied and that this case be dismissed without prejudice under 28 U.S.C. § 1915(g), because Jones is barred under § 1915(g) from proceeding *in forma pauperis* and he failed to pay the filing fee upon initiating this lawsuit.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. BACKGROUND

Jones is a Florida prisoner confined at Tomoka Correctional Institution in Daytona Beach, Florida. (Doc. 1 at 1 in ECF). Jones initiated this action on October 21, 2021, by filing a complaint under 42 U.S.C. § 1983. Jones is suing four officials of the Florida Commission on Offender Review, claiming that they violated the Due Process Clause and the Ex Post Facto Clause when they denied him parole, set his Presumptive Parole Release Date to the year 2032, and scheduled his next parole interview for the year 2027 instead of 2022. (*Id*. at 12-24).

## II. DISCUSSION

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)," because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Jones acknowledges that he filed the following two federal cases which qualify as strikes under § 1915(g): *Jones v. Pate, et al.*, No. 4:16-cv-00170-MW-CAS (N.D. Fla. Feb. 12, 2018) (prisoner civil rights action dismissed for failure to state a claim), *appeal dismissed sub. nom*, *Jones v. Governor State of Fla.*, No. 18-10940-C, 2019 WL 4447694 (11th Cir. May 15, 2019) (appeal dismissed as frivolous). (Doc. 1 at 8, 26-27 and Ex. A). Jones also acknowledges that he filed an additional prisoner action in this District Court over twenty years ago that was dismissed for failure to state a claim. (Doc. 1 at 10).

Jones has been recognized by federal courts as a "three-striker" under § 1915(g), for several years. *See Jones v. Henderson, et al.*, No. 3:02-cv-524-LC (N.D. Fla. Dec. 31, 2002) (recommending dismissal of Jones's prisoner civil rights action pursuant to § 1915(g) and identifying qualifying cases), *report and recommendation adopted*, (N.D. Fla. Jan. 23, 2003); *see also Jones v. Dubois, et al.*, No. 2:96-cv-14182-KMM (S.D. Fla. July 29, 1996) (recommending dismissal of Jones's prisoner civil rights action pursuant to § 1915(g) and identifying qualifying cases), *report and recommendation adopted*, (S.D. Fla. Sept. 9, 1996).[2]

Jones, therefore, may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this exception, Jones's complaint must include "specific, credible allegations of imminent-danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011); *see also Brown*, 387 F.3d at 1350 (holding that general assertions are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury" (quotation marks omitted)).

---

[2] These cases bear Jones's DC# 077137.

Jones's allegations that he has been denied proper parole consideration fail to make a colorable showing that he is in imminent danger of serious physical injury. Because Jones is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he initiated this lawsuit, this case should be dismissed without prejudice under § 1915(g). *See Dupree, supra.*

### III.  CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) be **DENIED**, and that this action be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $402.00 filing and administrative fee in its entirety.

2. The clerk of court close this case file.

At Pensacola, Florida, this <u>3rd</u> day of November, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and**

**recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**